UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEVANTE GRACE                                         CIVIL ACTION

VERSUS                                                NO. 15-300-JWD-RLB

DONALD MYERS, ET AL.

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 30, 2015.

                                                                               **RICHARD L. BOURGEOIS, JR.**
                                                                               **UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| DEVANTE GRACE | CIVIL ACTION |
| VERSUS | NO. 15-300-JWD-RLB |
| DONALD MYERS, ET AL. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the court is Plaintiff's Motion to Remand. (R. Doc. 12). The motion is Opposed. (R. Doc. 13). For the following reasons, Plaintiff's Motion to Remand should be **DENIED.**

**I.     Background**

On January 30, 2015, Devante Grace ("Plaintiff") initiated this lawsuit against defendants Donald Myers ("Myers"), USA Truck, Inc. ("USA Truck") and the Federal Insurance Company in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (R. Doc. 1-6 at 6-8). Plaintiff alleges that on February 15, 2014, he was driving on the interstate when his vehicle was struck by a truck operated by Myers and owned by Myers' employer, USA Truck. (R. Doc. 1-6 at 7). Plaintiff alleges injuries to his back, neck, and head, and seeks recovery for various categories of general and special damages. (R. Doc. 1-6 at 7).

On February 23, 2015, Plaintiff filed a First Supplemental and Amending Petition for Damages naming Ace American Insurance Company ("Ace") as a defendant. (R. Doc. 1-6 at 13-15).

On April 17, 2015, Plaintiff admitted (in response to a request for admission) that the "total amount in controversy" for his claims "exceeds $75,000, exclusive of interest and legal costs." (R. Doc. 1-4 at 2).

On April 21, 2015, the state court entered into the record Plaintiff's Second Supplemental and Amending Petition for Damages, which states that "his claim for damages exceeds $75,000." (R. Doc. 1-5 at 1-4). That same day, the state court dismissed Federal Insurance Company as a defendant. (R. Doc. 1-3 at 1).

On May 14, 2015, USA Truck and Ace (collectively, the "Removing Defendants") filed a Notice of Removal within 30 days of receipt of Plaintiff's admission that the amount in controversy exceeds $75,000, exclusive of interest and costs. The Removing Defendants state that at the time of removal, Myers had not been served with any state court pleadings filed by Plaintiff. (R. Doc. 1 at 3). The Removing Defendants further allege that there is complete diversity because Plaintiff is a citizen of Louisiana; USA Truck is a citizen of Delaware and Arkansas; Ace is a citizen of Pennsylvania; and Myers is a citizen of New York. (R. Doc. 1 at 3).

On May 15, 2015, the Removing Defendants filed an Amended Petition for Removal for the purpose of correcting the caption. (R. Doc. 6).

On July 9, 2015, Plaintiff filed his Motion to Remand (R. Doc. 12), raising both jurisdictional and procedural grounds for remand.

## II. Arguments of the Parties

Plaintiff primarily argues that the Notice of Removal was procedurally defective because Myers did not join in the removal or timely file a written consent of removal. (R. Doc. 12-1 at 5-6). Plaintiff argues that he served process on Myers pursuant to the Louisiana Long Arm Statute by certified mail sent to Myer's address in Fort Worth, Texas. (R. Doc. 12-1 at 5). Plaintiff further argues that if Myers is a citizen of Louisiana, as suggested by the police accident report, then the court lacks diversity jurisdiction. (R. Doc. 12-1 at 7). Plaintiff suggests that the proper

forum for this litigation is the 23rd Judicial District Court, Ascension Parish, Louisiana, which is where a related lawsuit filed by a passenger in Plaintiff's car was filed. (R. Doc. 12-1 at 1, 8). Plaintiff also argues that the Removing Defendants violated Rule 11 of the Federal Rules of Civil Procedure because the evidence in the record indicates that defendant Myers is a resident of Louisiana or Texas, not New York. (R. Doc. 12-1 at 6-8).[1]

In opposition, the Removing Defendants admit that they had wrongly asserted that Myers is a citizen of New York based on conversations with Myers. (R. Doc. 13 at 2). The Removing Defendants represent that the error is harmless because Myers was a citizen of Texas at the time of the accident, has been a citizen of Indiana since September of 2014, and has never been a citizen of Louisiana. (R. Doc. 13 at 2-3). The Removing Defendants argue that Plaintiff's motion to remand is untimely with regard to his argument that the failure to obtain consent from Myers constitutes a procedural defect in removal. (R. Doc. 13 at 3-4). The Removing Defendants further argue that because Myers did not reside at the address in Fort Worth, Texas, when Plaintiff attempted service by certified mail to that address, Myers was never a properly served defendant and his consent to removal was not required. (R. Doc. 13 at 6-8). Finally, the Removing Defendants argue that Plaintiff, in seeking remand and transfer of the action to another state court, is improperly forum shopping. (R. Doc. 13 at 8-9).

### III. Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original

---

[1] Rule 11 specifically provides that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). The present request for fees and costs fails to meet the procedural requirements of Rule 11(c)(2) because defendants failed to file a separate motion describing the specific conduct that allegedly violates Rule 11(b). Accordingly, the motion for Rule 11 sanctions should be denied. *See Richard v. Louisiana Industries for the Disabled*, No. 10-426, 2011 WL 1527586, at *3-4 (M.D. La. Apr. 20, 2011).

jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c).

There is no dispute that the amount in controversy requirement is satisfied. The court will, therefore, turn first to the jurisdictional issue of whether there is complete diversity. The court will then turn to whether Plaintiff has waived his arguments with regard to a procedural defect in removal, and if not, whether removal was procedurally improper.

  A.  **Complete Diversity**

"The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). When jurisdiction depends on citizenship, the citizenship of each party must be "distinctly and affirmatively" alleged in accordance with § 1332(a) and (c). *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir.1991) (quoting *McGovern v. American*

*Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)); *see also Getty Oil*, 841 F.2d at 1259 ("We have stated repeatedly that when jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged.' ") (citing cases); *B., Inc. v. Miller Brewing*, 663 F.2d 545, 549 (5th Cir. 1981) ("[W]here an out-of-state defendant removes an action from state to federal court, the burden is upon the removing party to plead a basis for federal jurisdiction").[2] If, however, plaintiff makes a good faith challenge to the factual allegations in the removal notice, then the burden is on the removing defendant to prove the existence of the jurisdictional facts. *See Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986). "In such a circumstance, the removing party may be required to submit some evidence in support of its allegations of citizenship." *Employers Mut. Cas. Co. v. Gemini Ins. Co.*, No. 13-816, 2014 WL 3541296, at *4 (M.D. La. July 17, 2014).

Plaintiff argues that defendant Myers may be a resident of Louisiana based on the police accident report, which reflects that defendant Myers' address is 1732 Hunting Green, **Fort Worth, Louisiana**, with no zip code provided. (R. Doc. 12-1 at 2; R. Doc. 12-2 at 4). Plaintiff acknowledges that he directed service of process by certified mail, pursuant to the Louisiana long-arm statute, to Myers at 1732 Hunting Green, **Fort Worth, Texas**. (R. Doc. 12-1 at 3). Plaintiff nevertheless argues that if "Myers is a resident of Louisiana, then removal was improper based on diversity." (R. Doc. 12-1 at 7).

The Removing Defendants admit that they wrongly stated, in the Notice of Removal, that Myers is a citizen of New York. The Removing Defendants submit an affidavit by Myers explaining that for "a brief period of time prior to the accident of February 15, 2014, [he] spent

---

[2] This is consistent with the pleading standards of Rule 8 of the Federal Rules of Civil Procedure ("A pleading that states a claim for relief must contain ... a short and plain statement of the grounds for the court's jurisdiction . . . ."). There is no requirement that a party asserting this court's jurisdiction in filing a complaint is required to provide any such supporting documentation.

5

two separate periods of time in the county of Queens, State of New York." (R. Doc. 13-1 at 2). Defendant Myers further states that he has never lived in Louisiana; that he lived in Fort Worth, Texas at the time of the accident; and that he moved to Vinceness, Indiana sometime in September of 2014, where he still resides. (R. Doc. 13-1 at 2). Other than the police report written at the time of the accident, in which the officer mistakenly wrote "Louisiana" instead of "Texas" as Myers' state of residence, Plaintiff has provided no indication that Myers was a Louisiana resident at the time of removal.

Based on the foregoing, the Removing Defendants have met their burden of establishing that Myers was not a citizen of Louisiana at the time of removal. Although the Removing Defendants wrongly state that Myers is a citizen of New York in the removal papers, that error does not deprive this court of jurisdiction because the evidence indicates that Myers was a citizen of Indiana at the time of removal. Accordingly, there is complete diversity of citizenship in this action and the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

### B. Consent to Removal

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court." 28 U.S.C. § 1446(b)(2)(A). If consent of all served defendants is not timely obtained, the removal is procedurally defective. *Doe v. Kerwood*, 969 F.2d 165, 167-69 (5th Cir. 1992); *see also Wade v. Fireman's Fund Ins. Co.*, 716 F. Supp. 226, 231 (M.D. La. 1989) ("The failure of all defendants to timely join in removal does not deprive the Court of jurisdiction over the subject matter and constitutes a procedural defect that can be waived by the plaintiff.")

Before turning to whether the Removing Defendants were required to obtain Myer's consent to removal, the court must determine whether Plaintiff's remand motion was timely

6

filed. A motion to remand based on a procedural defect must be filed within 30 days from the filing of the notice of removal. 28 U.S.C. § 1447(c). Failure to raise non-jurisdictional grounds for remand within 30 days of removal constitutes a waiver of those arguments. *In re Shell Oil Co.*, 932 F.2d 1518, 1521 (5th Cir. 1991); *see also Davis v. Ciba-Geigy Corp.*, 958 F. Supp. 264 (M.D. La. 1997) (plaintiff waived right to object to removing defendants' failure to obtain the consent of all served defendants to remove the suit where plaintiff did not move for remand within 30 days of the removal). Here, the action was removed on May 14, 2015 (R. Doc. 1) and Plaintiff did not move for remand until July 9, 2015 (R. Doc. 12). As Plaintiff moved for remand 56 days from the date of removal, his motion is untimely with regard to procedural defects, and he has waived his argument that Myers had to consent to removal.

Even if the court were to consider Plaintiff's arguments, however, it would find that the Removing Defendants had no duty to obtain the consent of Myers pursuant to Section 1446(b)(2)(A), as he was not properly served with process.

Plaintiff asserts that he served defendant Myers pursuant to the Louisiana long-arm statute on February 13, 2015 and on February 26, 2015. (R. Doc. 12-1 at 3). Both certified letters mailed to Donald Myers at 1732 Hunting Green Rd., Fort Worth, Texas were returned to Plaintiff's law firm as unclaimed and undeliverable. (R. Doc. 12-4, 12-5). Plaintiff argues that the act of mailing a certified copy of the Petition and Citation to Myers at this address by certified mail satisfies the requirements for service of process pursuant to La. R.S. § 13:3204.

The Louisiana long arm statute permits service of nonresident defendants by sending a certified copy of the summons and complaint by certified mail to the defendant:

> A. In a suit under R.S. 13:3201, a certified copy of the citation . . . shall be sent . . . to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed,

7

> or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited or small claims jurisdiction.
>
> B. If service of process cannot be made on the nonresident by registered or certified mail or by actual delivery, the court shall order that service of process be made on an attorney at law appointed to represent the defendant pursuant to Code of Civil Procedure Article 5091.

La. R.S. § 13:3204. "[A]ll that is necessary to constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail, or actually deliver it in person." *McFarland v. Dippel*, 756 So.2d 618, 622 (La. App. 1st Cir. 2000). "There is no requirement under § 3204 for a signed return receipt." *HTS, Inc. v. Seahawk Oil & Gas, Inc.*, 889 So.2d 442, 444-45 (La. App. 3d Cir. 2004)). "This prevents a defendant from attempting to defeat valid service by refusing to accept or sign for the letter." *Id*. While the Louisiana long-arm statute requires that proof of service be filed in the record for purposes of taking a default judgment, *see* La. R.S. 13:3205, the absence of proof of service will not relieve removing defendants from obtaining consent to removal from all properly served defendants. *Babin v. Isaman*, No. 09-cv-0408, 2009 WL 3672901, at *4-5 (M.D. La. Nov. 4, 2009) (citing *Richoux v. CSR, Ltd.*, No. 08-cv-931, 2008 WL 576242 (E.D. La. Feb. 29, 2008)).

Plaintiff relies on the state court decisions *McFarland* and *HTS* in support of his argument that service was proper even though the certified letters upon which service is based were returned to sender as unclaimed and undeliverable. In neither of those decisions, however, was there a dispute that the service of process was mailed to the correct address. *See McFarland*, 756 So. 2d at 620 (La. Ct. App.) ("It is undisputed that a copy of the citation and of the petition was sent by [the defense] attorney to McFarland at his correct residential address."); *HTS, Inc.* 889 So. 2d 442, 445 ("There is no indication that [plaintiff's counsel] sent the information to an

incorrect address."). Here, the Removing Defendants have submitted proof (the Myers Affiavit) that Myers did not live at 1732 Hunting Green Rd., Fort Worth, Texas at the time the certified letters were mailed to him at that address. (R. Doc. 13-1 at 2). Furthermore, Myers represents that he has never refused to accept a certified delivery from Plaintiff's counsel and that he has been living in Indiana since September of 2014. (R. Doc. 13-1 at 2).

Based on the foregoing, it is clear that Plaintiff did not properly serve Myers pursuant to La. R.S. § 13:3204, as Myers did not live at his former address in Fort Worth, Texas at the time service was attempted. The record indicates that Plaintiff directed service to an address obtained at the time of the accident and made no additional efforts to determine Myers' address at the time service was attempted. There is no indication in the record that Myers, or a person authorized by Myers, lived at the address in Fort Worth, Texas, and actively refused to accept service. Furthermore, there is no indication in the record that the Second Supplemental and Amending Petition for Damages, or the relevant admissions demonstrating that the amount in controversy requirement was satisfied, was ever served on Myers.

Based on the foregoing, Myers was not properly served process at the time of removal, and the Removing Defendants did not have to obtain the consent of Myers to remove this action.

## IV. Conclusion

The Removing Defendants have met their burden of proving that there is complete diversity, and that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff did not file a timely motion to remand addressing its procedural defect argument that the Removing Defendants did not obtain consent of defendant Myers. Accordingly, Plaintiff's procedural defect argument has been waived. Even if the court considered this argument, which

has been waived, the court would conclude that Myers did not need to join in, or consent to, removal.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that Plaintiff's Motion to Remand, including the embedded Rule 11 motion, should be **DENIED**.

Signed in Baton Rouge, Louisiana, on July 30, 2015.

                    **RICHARD L. BOURGEOIS, JR.**
                    **UNITED STATES MAGISTRATE JUDGE**